IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE KEITH RICHARDSON,<br><br>    Petitioner,<br><br>  v.<br><br>CDC DIVISION OF ADULT PAROLE,<br><br>    Respondent.<br>_____ | No. C 08-2269 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

On May 1, 2008, petitioner, a California parolee proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**BACKGROUND**

In 2005, in the Superior Court of Santa Clara County, petitioner was convicted of violating California Corporations Code section 25041 (sale or purchase of securities by false statements or omissions). He was sentenced to four years in state prison. In 2006, the California Court of Appeal affirmed, and the California Supreme Court denied the petition for review. In 2007, the California Supreme Court denied a second petition for review.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the

petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims that his conviction is invalid because the evidence used against him at trial was obtained in a warrantless search in violation of the Fourth Amendment. Such claim is not cognizable on federal habeas corpus review, however, because Stone v. Powell, 428 U.S. 465 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. See id. at 481-82, 494. Moreover, the existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims bars federal habeas consideration of those claims even if the state procedure was not used by the petitioner, see Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990), or the state courts' determination of the Fourth Amendment issues was improper, see Locks v. Sumner, 703 F.2d 403, 408 (9th Cir.), cert. denied, 464 U.S. 933 (1983). Under California law, a criminal defendant can move to suppress evidence on the basis that it was obtained in violation of the Fourth Amendment; such procedure provides an opportunity for full and fair litigation of Fourth Amendment claims. See id. (citing Cal. Penal Code § 1538.5).

Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in state court; accordingly, review of that claim is not available herein, and the instant petition is hereby DISMISSED.

As petitioner has paid the filing fee, his motion for leave to proceed in forma pauperis is hereby DENIED as moot.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: May 12, 2008

_____
MAXINE M. CHESNEY
United States District Judge